IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| REVEREND NOLAN MCKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-2519-JTM |
| | ) | |
| AUTO CLUB FAMILY INSURANCE CO., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Pleading standards require that the complaint and supporting documents place a defendant on notice of the claims and provide enough factual support for the court to find that the grounds for relief are plausible. McKenzie's pleadings are void of any factual support and McKenzie has failed to serve either defendant. Bank of America's Motion to Dismiss (Dkt. 6) and Auto Club's Motion to Dismiss (Dkt. 4) are granted.

I. Facts

McKenzie does not set forth a clear factual basis in the complaint or additional pleadings. The following facts are discernable:

McKenzie purchased his house in March 1990. McKenzie's mortgage was paid out of his Bank of America account. Auto Club is somehow associated with the escrow account, although the documents in the record do not clarify Auto Club's involvement. McKenzie alleges this action arises out of a mishandled checking account or an escrow account with a wrongful attachment of his checking account. McKenzie's monthly mortgage was debited from this account, and Bank of

America was to have paid Auto Club directly from this account.

McKenzie alleges that the Defendants breached a contract dealing with monthly payments from his bank account.  McKenzie requests a refund of home ownership payments from 1992 through 2011.  McKenzie requests compensatory damages for willful breach of contract in excess of $300 million from each Defendant.

McKenzie also alleges the Defendants acted with fraud and made knowing misrepresentations.

McKenzie alleges a breach of trust based on the trustee's general fiduciary obligations or a violation of a duty.  McKenzie requests compensatory damages in excess of $1.4 million. McKenzie alleges the Defendants participated in criminal activity in their handling of his account, and he requests compensatory damages in the excess of $500 million.

II. Motions

There are a number of motions pending before the court.

1. Motion to Dismiss, filed by Auto Club, requesting dismissal based on insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5);  or in the alternative, failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  (Dkt. 4).

2. Motion to Dismiss, filed by Bank of America,  requesting dismissal based on insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5);  or in the alternative, failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  (Dkt. 6).

3. Request for Relief, filed by McKenzie, requesting the Court rule on the merits of the case and requesting relief in the form of an order preventing foreclosure on his house.  (Dkt. 18).

4. Motion for Dismissal of Co-Defendants' Delayed Pleadings.  The Court believes, but is

uncertain, that McKenzie is requesting that the Defendants' motions to dismiss be dismissed. (Dkt. 24).

5. Motion for Relief and Ruling Expeditiously, filed by McKenzie, requesting the court grant the relief requested in Document 18. (Dkt. 26).

III. Standard

In a Rule 12(b)(5) motion, the burden is on the plaintiff to make a prima facie showing that it satisfied the statutory and due process demands for the court to exercise jurisdiction. *Pope v. Boy Scouts of Am.*, 2006 WL 3199423, at *1 (D.Kan. Nov. 3, 2006). Service is insufficient where a party serves the wrong person or does not serve the party at all. *Id.*

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.* In a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The possibility that plaintiff could prove some facts in support of the pleaded claims is insufficient; the court must believe the plaintiff has a reasonable

likelihood of showing factual support for the claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Bell Atlantic Corp*. at 1974.

The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

A pro se plaintiff's pleadings are construed liberally, "applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The Tenth Circuit has interpreted this to mean that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not become the role of an advocate for the pro se litigant. *Id.* A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110).

IV. <u>Discussion</u>

The Defendants have identified three possible claims raised by McKenzie: breach of trust,

breach of contract, and fraud. The Court also notes that McKenzie makes numerous references to criminal charges against the Defendants. The Court will address each identified claim.

a. <u>Insufficient Service of Process</u>

Both Defendants have requested dismissal based on insufficient service of process. Service upon a corporation or association may be effected by (1) following state law for serving a summons in the state where the district court is located or where service is made, or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(h). Under Kansas law, service can be completed by serving an officer, manager, partner or a resident, managing or general agent, by leaving a copy of the summons and petition at any of its business offices, or serving any agent authorized by appointment or by law to receive service or process. K.S.A. § 60-304(e).

There is no Certificate of Service attached to McKenzie's petition. Auto Club argues that they were not served, and the address listed on the petition did not receive a copy of the complaint. Instead, Auto Club's counsel was provided a courtesy copy of the petition. Auto Club argues that their counsel is not authorized to accept service as an agent of the company.

Bank of America argues that they have not been properly served. The address listed on the complaint is a California customer support center, and if a copy of the petition was sent to this address, service is not proper. Bank of America also argues that a copy of the summons and the petition was not delivered to a general agent for the Bank, or any other agent authorized by law to receive service.

There is no record that McKenzie served the Defendants by serving an authorized agent, by serving a manager or partner, or by serving a business office. McKenzie has not argued that serving

Auto Club's attorney of record constitutes sufficient service. As to McKenzie providing a copy of the petition to Auto Club's attorney, the service was insufficient. McKenzie has failed to serve Bank of America. In this situation, the Court should generally "quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). Because the Defendants' motions are granted on other grounds, the Court declines to extend this opportunity to McKenzie.

b. Breach of Trust

Kansas Courts recognize a claim for breach of trust. Normally, this claim is related to a trustee in some capacity, and it has also been applied to a fiduciary or corporate officer.[1] A breach of trust contains two elements: (1) an act or omission which furthers or completes the breach of trust by the trustee, and (2) knowledge at the time that the transaction amounted to a breach of trust. *Gillespie v. Seymour*, 14 Kan.App.2d 563, 569-70, 796 P.2d 1060 (1990), quoting Bogert's Trusts and Trustees § 901 (2nd ed. 1982).

McKenzie has not alleged that Auto Club or Bank of America are trustees, fiduciaries, or officers of a corporation. Even if the Court was to assume that the parties qualified as such, McKenzie has not alleged any specific act or omission on the part of either defendant which would qualify as a breach of trust. McKenzie alleges that an escrow contract was mishandled, but does not state who acted wrongfully, or how this results in a breach of trust. McKenzie states that "[A] trustee's violation of either the trust's terms or the trustee's general fiduciary obligations; the

---

[1] See K.S.A. 58a-1001 (breach of trust occurs when a trustee breaches her duty), *Hubbard v. Home Federal Sav. And Loan Ass'n*, 10 Kan.App.2d 547, 704 P.2d 399 (1985) (breach of trust occurs when a fiduciary violates a duty), *Cron v. Tanner*, 171 Kan. 57, 229 P.2d 1008 (1951) (when officers are guilty of breach of trust the courts will interfere).

violation of a duty that equity imposes on a trustee; whether the violation was willful, fraudulent, negligent, or inadvertent, a breach of trust subjects the trustee to removal and creates personal liability." (Dkt. 1, Petition). The case at hand does not involve a trustee. Kansas law recognizes that a third party maybe liable for their part in a breach of trust, *KPERS v. Kutak Rock*, 273 Kan. 481, 495, 44 P.3d 407 (2002), although McKenzie has not alleged that either defendant qualified as a trustee, fiduciary, officer, or third party. McKenzie has not alleged any facts for the court to find either Bank of America or Auto Club committed any act that qualifies as a breach of trust. The breach of trust claim is dismissed.

c. Breach of Contract

A claim for a breach of contract contains the following elements: (1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to plaintiff caused by the breach. *City of Andover v. Southwestern Bell Telephone*, 37 Kan.App.2d 358, 362, 153 P.3d 561 (2007); PIK Civ.3d 124.01-A.

Even liberally construing McKenzie's pleadings, there are insufficient facts to support a claim for breach of contract. McKenzie does not allege a contract between him or either defendant, nor did he attach a copy of the contract to the petition. McKenzie does not explain how the contract was breached by either Bank of America or Auto Club. The only element that McKenzie claims is compensatory damages, but McKenzie fails to explain how the alleged breach caused the damages. McKenzie has not alleged facts that have a reasonable likelihood of showing support for the claim. McKenzie has not set forth facts for the Court to find the claim is plausible. McKenzie's breach of contract claim is dismissed.

d. Fraud

McKenzie alleges the defendants committed fraud by "knowing misrepresentation of truth or concealment of a material fact to induce another to act to his or her detriment." McKenzie alleges the defendants knowingly made misrepresentations, and it resulted in the "unfair use of the power arising out of the parties' relative positions and resulting in an unconscionable bargain."

The elements of an action for fraud include an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or with reckless disregard for the truth, upon which another party justifiably relies and acts to his or her detriment. *Gerhardt v. Harris*, 216 Kan. 1007, 1013, 934 P.2d 976 (1997). Fraud is never presumed and must be established by clear and convincing evidence. *Nordstrom v. Miller*, 227 Kan. 59, 65, 605 P.2d 545 (1980). The existence of fraud is normally a question of fact. *Chism v. Protective Life Ins. Co.*, 290 Kan. 645, 654, 234 P.3d. 780 (2010), citing *Alires v. McGehee*, 277 Kan. 398, 403, 85 P.3d 1191 (2004).

McKenzie does not cite to any facts to support his claim that the defendants committed fraud by misrepresentation. Specifically, McKenzie does not identify an untrue statement made by either party. McKenzie has not identified how he relied on the statement and how it was detrimental or how it caused damages. The burden is on McKenzie to set forth the grounds of his fraud claim with minimal factual allegations to meet the elements of the claim. Since McKenzie has not alleged any facts to support the claim, the Court cannot find that he can prove any facts that may entitle him to relief. Furthermore, Fed.R.Civ.P. 9(b) requires a claim for fraud or mistake to be plead with particularity. McKenzie has failed to plead his fraud claim with any specificity. McKenzie's fraud claim is dismissed.

e. Criminal Charges

McKenzie also makes numerous statements regarding criminal charges against the defendants. However, McKenzie cannot personally bring criminal charges against the defendants as criminal statutes do not provide for a private right of action through a civil case. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

f. Amend Pleadings

Although McKenzie does not request an opportunity to amend the pleadings, since he is proceeding pro se, the Court will consider whether it is appropriate. A pro se plaintiff who fails to allege sufficient facts should be given a reasonable opportunity to amend his complaint if justice so requires. *Roman-Nose v. New Mexico Dept. Of Human Services*, 967 F.2d 435, 438 (10th Cir. 1992); Fed.R.Civ.P. 15(a). However, leave to amend is not appropriate where amendment would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). An amended complaint is futile when it would still be subject to dismissal. *Id.*

McKenzie filed a very similar action against the same parties, case number 10-2160-KHV. In that case, Bank of America was never properly served, and Judge Vratil dismissed the claims against the Bank. Auto Club and McKenzie entered into an agreed stipulation of dismissal. A review of the docket shows that McKenzie alleged substantially more facts in his complaint, and attached supporting documentation. However, the record also shows that McKenzie filed just as many frivolous motions and requests as are filed in this case. Notably, Magistrate Judge Waxse and Chief Judge Vratil both threatened McKenzie with sanctions if McKenzie continued to file pleadings or motions which violated Rule 11 of the Federal Rules of Civil Procedure.

Considering the pleadings filed in the case at hand, the complete lack of factual support for

the allegations, and the numerous frivolous filings and requests filed by McKenzie, the Court will not allow McKenzie to amend his pleadings. The Court may consider prejudice to the opposing party in deciding whether to allow a plaintiff to amend. See *Bylin v. Billings*, 568 F.3d 1224, 1229 910th Cir. 2009). The defendants in this case have now successfully defended two lawsuits brought by the same plaintiff alleging the same claims. Requiring the defendants to litigate the case for a third time would be prejudicial. Finally, refusal to allow the plaintiff to amend is justified as the history of the case and the previous case has shown that McKenzie would not cure the deficiencies. In two separate case, McKenzie has failed to properly serve Bank of America, and in one case McKenzie failed to properly serve Auto Club. It appears that allowing McKenzie to amend his pleading to provide factual support for his claims would not cure one of the reasons the case was dismissed - the defendants were not properly served. The Court will not allow McKenzie to amend his pleadings.

V. Conclusion

IT IS ACCORDINGLY ORDERED this 26th day of June, 2012, that Auto Club's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) or (6) (Dkt. 4) is granted.

IT IS FURTHERED ORDERED that Bank of America's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5) or (6) (Dkt. 6) is granted.

IT IS FURTHERED ORDERED that McKenzie's Request for Relief (Dkt. 18), Motion for Dismissal of Co-Defendants' Delayed Pleadings (Dkt. 24), and Motion for Relief and Ruling Expeditiously (Dkt. 26) are denied as moot.

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE